IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ALLEN RAINWATER,

    Plaintiff,                    No. CIV S-10-1727 GGH P

  vs.

JOHN McGINNISS, Sheriff, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a civil detainee proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). By concurrent order, service was ordered on the other defendant in this action. Plaintiff has consented to the jurisdiction of the undersigned. Doc. 4.

        The court is required to screen complaints brought by detainees seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

 A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

 In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

 Plaintiff's complaint involves his approximately four month transfer to Sacramento County Jail from Coalinga State Hospital. Plaintiff is a civil detainee and alleges that he was strip searched, had property confiscated, was forced to wear orange clothing of criminal prisoners, was denied mental health treatment, was denied outdoor recreation, was

denied indoor recreation, was denied telephone service, was provided inadequate medical care, denied visiting privileges, was harassed by staff, was forced to share a cell and other claims.

By concurrent order, the court has ordered service on Sheriff McGinniss as he is an appropriate defendant for injunctive relief and damages. The Sheriff has been sued in his individual and official capacity, and is alleged to be a "final decision maker" for the County. Plaintiff has also named as defendant the Sacramento County Board of Supervisors. However, plaintiff has not identified any of the individual members or described how they are related to this action. Plaintiff names the Board in its official capacity only, and sues for injunctive relief and compensatory damages.

When a state actor is sued in official capacity, the suit proceeds for all practical purposes against the entity itself. Byrd v. Maricopa County Sheriff's Dept., 565 F.3d 1205, 1208 (n.1) (9th Cir. 2009) citing Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099 (1985). Since the "County" is the essential defendant when the Sheriff is sued in his official capacity, adding the Board in its official capacity is superfluous. The Sacramento County Board of Supervisors shall be dismissed.

Accordingly, IT IS HEREBY ORDERED that defendant Sacramento County Board of Supervisors is dismissed from this action.

DATED: August 30, 2010                         /s/ Gregory G. Hollows

                                                   GREGORY G. HOLLOWS
                                                 UNITED STATES MAGISTRATE JUDGE

GGH:AB
rain1727.b