IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ALLEN RAINWATER,

               Plaintiff,                 No. CIV S-10-1727 GGH P

      vs.

JOHN McGINNISS, Sheriff, et al.,

               Defendants.           <u>ORDER</u>

_____/

<u>Introduction</u>

        Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.   Presently pending is plaintiff's motion to quash a subpoena (Doc. 24), plaintiff's motion to compel (Doc. 31), plaintiff's motion for sanctions (Doc. 33) and plaintiff's motion for a 91 day extension of discovery (Doc. 37).[1]

        Plaintiff was housed in Sacramento County Main Jail (SCMJ) for several months as a civil detainee while away from his usual facility, Coalinga State Hospital (CSH).  Plaintiff alleges that nearly every aspect of his time at SCMJ was too restrictive and his rights were constantly violated as he was a civil detainee, not a prisoner.  Plaintiff objects to cell searches,

---

[1] Defendants motion for a protective order (Doc. 23), was withdrawn on May 20, 2011 (Doc. 28).

1

the color of his clothing, medical treatment, the lack of a private bathroom, procedures regarding

his personal property, use of phones, insufficient bedding materials and similar issues.

Motion to Quash

Defendants issued subpoenas to SCMJ and CSH for all records relating to

plaintiff's medical history and treatment.  Plaintiff does not object to his records being produced

from SCMJ but filed the instant motion to quash the subpoena for his CSH records.  Doc. 24 at

8.[2]  Plaintiff contends that his CSH records are privileged and not relevant to the instant

litigation.  Defendants counter that plaintiff has compared his treatment and services at SCMJ to

what he received at CSH, therefore the records are relevant.

A party may seek to quash a subpoena, pursuant to Fed.R.Civ.P. 45(c)(3), based

on a claim that the subpoena infringes upon the parties' legitimate and privileged interests.  U.S.

v. Tomison, 969 F.Supp. 587, 596 (E.D. Cal. 1997) (citations omitted); Moon v. SCP Pool Corp.,

232 F.R.D. 633, 636-37 (C.D. Cal. 2005).  A parties' privacy interest in his confidential medical

records is not absolute but conditional; a limited impairment of the right may be properly

justified.  Soto v. City of Concord, 162 F.R.D. 603, 618-19 (N.D. Cal. 1995).  In order to

determine whether the privacy rights outweigh the need for the information, courts might

examine and balance the five factors set forth in Pagano v. Oroville Hospital, 145 F.R.D. 683,

695-98 (E.D. Cal. 1993)[3]:

> (1) the probable encroachment of the individual's privacy right ... and the
> magnitude of the encroachment; (2) whether the encroachment of the privacy right
> would impact an area that has traditionally been off limits for most regulation; (3)
> whether the desired information is available from other sources with less
> encroachment of the privacy right; (4) the extent to which the exercise of the
> individual's privacy rights impinge on the rights of others; and (5) whether the
> interests of society at large encourage a need for the proposed encroachment.

In this case the encroachment is severe and would impact an area that has

---

[2] Plaintiff does not object to defendants obtaining this information, rather plaintiff objects that defendants will not automatically provide the discovery to plaintiff.  This argument is meritless.

[3] This case has not been overruled or abrogated by the Supreme Court as several later cases have erroneously found.

traditionally been off limits, namely an individual's medical records and treatment, both physical

and mental.  In addition, plaintiff's privacy rights for this information do not impinge on the

rights of others and the interests of society do not encourage the encroachment.  In fact, the

subpoenaed records do not appear relevant to the instant litigation.  Plaintiff's claims are solely

focused upon his time at SCMJ.  Plaintiff raises no issues concerning CSH.  Plaintiff does

compare his treatment at SCMJ to CSH on a few occasions, yet even if plaintiff compared all of

his treatment at both facilities, the care he received at CSH is not at issue in this action.   What is

at issue is if plaintiff's treatment at SCMJ violated his constitutional rights.  Whether CSH is

more or less restrictive than SCMJ, does not alter the alleged restrictions and treatment at SCMJ

In other words, this case will not be decided on whether alleged restrictions at SCMJ are the

same, better, or worse than at CSH. There are certain requirements for SCMJ to maintain

regardless for civil detainees.   Moreover, defendants do not relate that plaintiff's CSH medical

history was available to defendants when plaintiff resided in their jail; thus SCMJ cannot

maintain that its treatment of plaintiff was based upon CSH background or treatment records.  In

such a case, plaintiff's right of privacy in his CSH records outweighs any reason for acquiring

them.

For all these reasons, the subpoena to Coalinga State Hospital is quashed.

Motion to Compel

Plaintiff's motion to compel states that defendants provided plaintiff with a

computer CD with 800 pages of documents on it, but plaintiff does not have access to a computer

to view it.  In their response, defendants indicated that they are printing out the pages and

shipping them to plaintiff, therefore this issue is moot.  To the extent plaintiff was able to view

some of the documents on the CD and he states they were illegible, plaintiff appears to be

referring to handwritten notes that he requested which defendants provided.  Defendant is not

responsible for deciphering handwritten notes or pages provided for discovery, plaintiff must do

the best he can.

1      Therefore, plaintiff's motion to compel is denied.

2      <u>Motion for Sanctions</u>

3      Plaintiff seeks sanctions alleging that defendants destroyed evidence.  Doc. 33.

4  On April 14, 2011, plaintiff filed a motion (Doc. 20) for defendants to preserve all surveillance

5  video evidence of plaintiff while at SCMJ from June 3, 2009, to October 6, 2009.  The court

6  denied the motion but noted that defendants had an ongoing obligation not to destroy evidence

7  and were now on notice.  Doc. 22.

8      During discovery, plaintiff requested the video surveillance and was informed by

9  defendants that the video footage had been purged from the system during the normal course of

10  business.  Plaintiff states that defendants have a responsibility to preserve the footage for two

11  years based on Cal. Gov. Code § 34090.[4]

12      Defendants filed a response (Doc. 40) and indicated that SCMJ rules require

13  footage to be saved for 13 months.  Doc. 40 at Exh. A.  Defendants [erroneously] state there is no

14  California law that requires the preservation of video records in county jails.  Defendants state

15  that surveillance video is saved on a digital video recorder and is automatically purged every 13

16  months unless a request is made for certain footage to be saved.  Decl. of Deputy McDaniel.  The

17  footage in question was from June 2009, to October 2009, so was destroyed in November 2010,

18  as there was no request to save the footage.  Defendants note that they were not served with the

19  complaint in this action until January 25, 2011, several months after the footage was destroyed.

20  Doc. 15.

21      California Government Code § 34090.6 states in relevant part:

22      (a) Notwithstanding the provisions of Section 34090, the head of a department of
       a city or city and county, after one year, may destroy recordings of routine video
23      monitoring, and after 100 days may destroy recordings of telephone and radio
       communications maintained by the department.  This destruction shall be
24      approved by the legislative body and the written consent of the agency attorney
       shall be obtained.  In the event that the recordings are evidence in any claim filed

25

26
       ───────────────
       [4] This code section does not encompass video recordings.  Section 34090.6 discusses video
       records and will be set forth below.

1    or any pending litigation, they shall be preserved until pending litigation is
2    resolved.

3    [. . .]

4    (c) For purposes of this section, "routine video monitoring" means video
     recording by a video or electronic imaging system designed to record the regular
5    and ongoing operations of the departments described in subdivision (a) , including
     mobile in-car video systems, jail observation and monitoring systems, and
     building security recording systems.

6

7         California law is clear that the video recordings in jail observation and monitoring

8    systems may be destroyed after one year, therefore, plaintiff's argument fails.  While plaintiff did

9    request the footage be preserved, he did not communicate this to defendant until well after the

10   footage was destroyed and moreover, the footage was destroyed before defendants were even

11   aware of the litigation.  Nor was there a specific incident that was recorded that defendants

12   should have perhaps been on notice to preserve, plaintiff wants all footage of him from a four

13   month period.  Thus, defendants actions were not improper and plaintiff's motion for sanctions is

14   denied.

15         Motion to Extend Discovery

16        Discovery ended on June 10, 2011.  On June 9, 2011, plaintiff filed a motion to

17   extend discovery 91 days.  As discussed above, plaintiff was originally given a computer CD

18   with 800 pages of documents on it and then as he had no access to a computer was sent the 800

19   pages in paper form and received it at some point in the end of May.  While plaintiff could have a

20   legitimate reason to extend discovery he does not present any arguments to the court on why he

21   specifically needs an extension.  Instead, plaintiff simply provides general statements that

22   defendants did not provide the appropriate discovery and he needs a discovery extension.  This is

23   insufficient to warrant an extension.

24        Plaintiff previously requested a 90 day extension at the beginning of discovery as

25   he was waiting for discovery responses and assumed he would need more time as he theorized

26   that defendants would provide improper discovery.  Plaintiff's request was denied as premature

1    and plaintiff is aware that he must present specific arguments and reasons in his requests and

2    motions.  As plaintiff has failed to provide any detail, his motion is denied.

3              Accordingly, IT IS HEREBY ORDERED that:

4              1.  Plaintiff's motion to quash (Doc. 24) is granted in part, in that the subpoena to

5    Coalinga State Hospital is quashed, but the motion is denied in all other respects;

6              2.  Plaintiff's motion to compel (Doc. 31) is denied;

7              3.  Plaintiff's motion for sanction (Doc. 33) is denied;

8              4.  Plaintiff's motion for an extension of discovery (Doc. 37) is denied;

9              5.  Plaintiff's motion to correct the spelling of defendant's last name (Doc. 34) is

10   denied as unnecessary;

11             6.  Defendants motion for a protective order (Doc. 23) is vacated as defendants

12   withdrew the motion.

13   DATED: June 22, 2011

14                                             /s/ Gregory G. Hollows

15                                             _____
                                               GREGORY G. HOLLOWS
16                                             UNITED STATES MAGISTRATE JUDGE

     GGH:AB
17   rain1727.ord2

18

19

20

21

22

23

24

25

26