IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ALLEN RAINWATER,

    Plaintiff,                         No. CIV S-10-1727 GGH P

    vs.

JOHN McGINNISS, Sheriff, et al.,

    Defendants.                <u>ORDER</u>

        Plaintiff is a civil detainee proceeding pro se and in forma pauperis and seeks relief pursuant to 42 U.S.C. § 1983. Presently pending is defendant's motion to consolidate (Doc. 43) this case with a related case, No. CIV S-11-0030 GGH P, defendant's motion to compel plaintiff to appear at a deposition (Doc. 44), plaintiff's motion for sanctions (Doc. 46), defendant's motion to compel continued deposition (Doc. 48) and plaintiff's motion to compel (Doc. 80).

<u>Motion to Consolidate</u>

        Federal Rule of Civil Procedure 42(a) provides that "if actions before the court involve a common question of law or fact, the court may ... consolidate the actions." The decision to grant or deny consolidation is within the discretion of the district court. <u>Investors Research Co. v. United States Dist. Court for Central Dist. of California</u>, 877 F.2d 777, 777 (9th

Cir. 1989); In Re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987) ("consolidation is within the broad discretion of the district court"). One of the purposes of consolidation is to avoid unnecessary costs or delay that would result from proceeding separately with actions involving common issues of law or fact. See, e.g., Equal Employment Opportunity Commission v. HBE Corp., 135 F.3d 543, 550-51 (8th Cir. 1998) (finding consolidation appropriate because it would "avoid the inefficiency of separate trials involving related parties, witnesses and evidence").

To determine whether to consolidate, the court "weighs the interest of judicial convenience against the potential for delay, confusion and prejudice." Sw. Marine, Inc. v. Triple A Machine Shop, Inc., 720 F.Supp. 805, 807 (N.D.Cal. 1989). Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial. Johnson v. Celotex Corp., 899 F.2d 1281, 1484 (2d Cir. 1990), cert. denied 498 U.S. 920, 111 S.Ct. 297, 112 L.Ed.2d 250 (1990). Factors to be weighed include the risk of prejudice and confusion; risk of inconsistent adjudications of common factual and legal issues; burden on parties, witnesses, and available judicial resources; delay; and expense. Id.

Defendant seeks to consolidate the instant case with No. CIV S-11-0030 GGH P. The cases have already been related. See No. CIV S-11-0030 GGH P, Doc. 6. Both cases involve the same common factual legal issues regarding plaintiff's time as a civil detainee at Sacramento County Main Jail, yet the cases involve two distinct and separate periods of time. In the instant case a motion for summary judgment was filed by defendant on September 2, 2011, and plaintiff was given an extension and will file an opposition by December 12, 2011. In No. CIV S-11-0030 GGH P, discovery was just extended to November 7, 2011. While the two cases are clearly related, the differing procedural posture of the cases presents several obstacles with respect to convenience.[1] The currently pending motion for summary judgment would need to be

---

[1] The court notes that defendant filed the motion to consolidate prior to the motion for summary judgment.

vacated, a new motion would need to be filed requiring a new briefing schedule and even more time to elapse in this already contentious case.[2]  Therefore, the motion to consolidate is denied. Should both cases proceed beyond summary judgment, the court will again consider consolidation for purposes of trial.

Deposition Motions

On May 25, 2011, defendant took plaintiff's deposition at Coalinga State Hospital (CSH), approximately three hours from Sacramento where defendant is located.  The deposition took place from 10:00 am to 11:30 am and from 12:17 pm to 3:45 when it ended due to CSH staff informing the parties that visiting hours were over.  Due to scheduling conflicts and the travel time to CSH, defendant and plaintiff agreed to continue the deposition on June 24, 2011. On June 10, 2011, plaintiff filed an objection to the continued deposition and on June 23, 2011, defendant filed a motion to compel plaintiff (Doc. 44) to appear at the deposition.  Defendant attempted to continue the deposition on June 24, 2011, but plaintiff refused, costing defendant significant expense.  As a result of the attempt to continue the deposition on June 24, 2011, plaintiff filed a motion for sanctions (Doc. 46) and defendant filed an additional motion to compel and for sanctions (Doc. 48).  Plaintiff argues that defendant is only entitled to seven hours of a deposition and they are attempting to start a brand new deposition.  Defendant argues that they are trying to finish the final approximately two hours of the entitled deposition.

Federal Rule of Civil Procedure 30 is clear that defendant is entitled to approximately two more hours of the deposition.  Plaintiff brought this action and must abide by the rules including a deposition.  However, the court notes that despite that deposition not finishing, defendant was able to file a motion for summary judgment, though the motion is not fully briefed.  At this time the court will not compel plaintiff to submit to the continued deposition, as if the motion for summary judgment is granted the case could be dismissed and the

---

[2] The court notes that a motion for summary judgment can be somewhat easily filed in No. CIV S-11-0030 GGH P, using the motion for summary judgment in the instant case as a template with minor changes.

deposition would be moot. If the case is not dismissed, the court will revisit the motion to compel and allow defendant to finish the deposition.

With respect to the motions for sanctions, plaintiff's motion for sanctions (Doc. 46) is denied as meritless and frivolous. With respect to defendant's motion for sanctions, the motion has merit. However, at this time the court will not impose any sanctions on plaintiff, but may revisit the issue following review of the summary judgment motion and may subtract from any future award if plaintiff were to prevail. As noted above, there is a second case pending, No. CIV S-11-0030 GGH P, that is currently in discovery. Should plaintiff not abide by the Federal Rule of Civil Procedure the court will likely impose sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to consolidate (Doc. 43) is denied without prejudice;

2. Defendant's motions to compel (Docs. 44, 48) are denied without prejudice;

3. Plaintiff's motion for sanctions (Doc. 46) is denied as frivolous; and

4. Plaintiff's motion to compel (Doc. 80) is denied, but the Clerk of the Court is directed to send plaintiff copies of exhibits D, E & F of Colleen R. Howard's Declaration (Doc. 73).

DATED: October 24, 2011

                                               /s/ Gregory G. Hollows
                                        UNITED STATES MAGISTRATE JUDGE

GGH:AB
rain1727.ord4