1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN ALLEN RAINWATER,

11            Plaintiff,                    No. CIV S-10-1727 GGH P

12        vs.

13   JOHN McGINNISS, Sheriff, et al.,

14            Defendants.               ORDER

15   _____/

16          Plaintiff is a civil detainee proceeding pro se and in forma pauperis and seeks

17   relief pursuant to 42 U.S.C. § 1983.  Presently pending is defendant's motion to consolidate

18   (Doc. 43) this case with a related case, No. CIV S-11-0030 GGH P, defendant's motion to

19   compel plaintiff to appear at a deposition (Doc. 44), plaintiff's motion for sanctions (Doc. 46),

20   defendant's motion to compel continued deposition (Doc. 48) and plaintiff's motion to compel

21   (Doc. 80).

22   Motion to Consolidate

23          Federal Rule of Civil Procedure 42(a) provides that "if actions before the court

24   involve a common question of law or fact, the court may ... consolidate the actions."  The

25   decision to grant or deny consolidation is within the discretion of the district court.  Investors

26   Research Co. v. United States Dist. Court for Central Dist. of California, 877 F.2d 777, 777 (9th

1

1  Cir. 1989); In Re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987) ("consolidation is

2  within the broad discretion of the district court").   One of the purposes of consolidation is to

3  avoid unnecessary costs or delay that would result from proceeding separately with actions

4  involving common issues of law or fact.  See, e.g., Equal Employment Opportunity Commission

5  v. HBE Corp., 135 F.3d 543, 550-51 (8th Cir. 1998) (finding consolidation appropriate because it

6  would "avoid the inefficiency of separate trials involving related parties, witnesses and

7  evidence").

8           To determine whether to consolidate, the court "weighs the interest of judicial

9  convenience against the potential for delay, confusion and prejudice."  Sw. Marine, Inc. v. Triple

10  A Machine Shop, Inc., 720 F.Supp. 805, 807 (N.D.Cal. 1989).  Considerations of convenience

11  and economy must yield to a paramount concern for a fair and impartial trial.  Johnson v. Celotex

12  Corp., 899 F.2d 1281, 1484 (2d Cir. 1990), cert. denied 498 U.S. 920, 111 S.Ct. 297, 112

13  L.Ed.2d 250 (1990).  Factors to be weighed include the risk of prejudice and confusion; risk of

14  inconsistent adjudications of common factual and legal issues; burden on parties, witnesses, and

15  available judicial resources; delay; and expense.  Id.

16           Defendant seeks to consolidate the instant case with No. CIV S-11-0030 GGH P.

17  The cases have already been related.  See No. CIV S-11-0030 GGH P, Doc. 6.   Both cases

18  involve the same common factual legal issues regarding plaintiff's time as a civil detainee at

19  Sacramento County Main Jail, yet the cases involve two distinct and separate periods of time.  In

20  the instant case a motion for summary judgment was filed by defendant on September 2, 2011,

21  and plaintiff was given an extension and will file an opposition by December 12, 2011.  In No.

22  CIV S-11-0030 GGH P, discovery was just extended to November 7, 2011.  While the two cases

23  are clearly related, the differing procedural posture of the cases presents several obstacles with

24  respect to convenience.[1]  The currently pending motion for summary judgment would need to be

25

26
        [1] The court notes that defendant filed the motion to consolidate prior to the motion for
    summary judgment.

1   vacated, a new motion would need to be filed requiring a new briefing schedule and even more

2   time to elapse in this already contentious case.[2]  Therefore, the motion to consolidate is denied.

3   Should both cases proceed beyond summary judgment, the court will again consider

4   consolidation for purposes of trial.

5   Deposition Motions

6          On May 25, 2011, defendant took plaintiff's deposition at Coalinga State Hospital

7   (CSH), approximately three hours from Sacramento where defendant is located.  The deposition

8   took place from 10:00 am to 11:30 am and from 12:17 pm to 3:45 when it ended due to CSH

9   staff informing the parties that visiting hours were over.  Due to scheduling conflicts and the

10  travel time to CSH, defendant and plaintiff agreed to continue the deposition on June 24, 2011.

11  On June 10, 2011, plaintiff filed an objection to the continued deposition and on June 23, 2011,

12  defendant filed a motion to compel plaintiff (Doc. 44) to appear at the deposition.  Defendant

13  attempted to continue the deposition on June 24, 2011, but plaintiff refused, costing defendant

14  significant expense.  As a result of the attempt to continue the deposition on June 24, 2011,

15  plaintiff filed a motion for sanctions (Doc. 46) and defendant filed an additional motion to

16  compel and for sanctions (Doc. 48).  Plaintiff argues that defendant is only entitled to seven

17  hours of a deposition and they are attempting to start a brand new deposition.  Defendant argues

18  that they are trying to finish the final approximately two hours of the entitled deposition.

19          Federal Rule of Civil Procedure 30 is clear that defendant is entitled to

20  approximately two more hours of the deposition.  Plaintiff brought this action and must abide by

21  the rules including a deposition.  However, the court notes that despite that deposition not

22  finishing, defendant was able to file a motion for summary judgment, though the motion is not

23  fully briefed.  At this time the court will not compel plaintiff to submit to the continued

24  deposition, as if the motion for summary judgment is granted the case could be dismissed and the

25  _____

26          [2] The court notes that a motion for summary judgment can be somewhat easily filed in No. CIV S-11-0030 GGH P, using the motion for summary judgment in the instant case as a template with minor changes.

1   deposition would be moot.  If the case is not dismissed, the court will revisit the motion to

2   compel and allow defendant to finish the deposition.

3              With respect to the motions for sanctions, plaintiff's motion for sanctions (Doc.

4   46) is denied as meritless and frivolous.  With respect to defendant's motion for sanctions, the

5   motion has merit.  However, at this time the court will not impose any sanctions on plaintiff, but

6   may revisit the issue following review of the summary judgment motion and may subtract from

7   any future award if plaintiff were to prevail.  As noted above, there is a second case pending,  No.

8   CIV S-11-0030 GGH P, that is currently in discovery.  Should plaintiff not abide by the Federal

9   Rule of Civil Procedure the court will likely impose sanctions.

10              Accordingly, IT IS HEREBY ORDERED that:

11              1.  Defendant's motion to consolidate (Doc. 43) is denied without prejudice;

12              2.  Defendant's motions to compel (Docs. 44, 48) are denied without prejudice;

13              3.  Plaintiff's motion for sanctions (Doc. 46) is denied as frivolous; and

14              4.  Plaintiff's motion to compel (Doc. 80) is denied, but the Clerk of the Court is

15   directed to send plaintiff copies of exhibits D, E & F of Colleen R. Howard's Declaration (Doc.

16   73).

17   DATED: October 24, 2011

18                                    /s/ Gregory G. Hollows
                                     UNITED STATES MAGISTRATE JUDGE

19   GGH:AB
     rain1727.ord4

20

21

22

23

24

25

26